## DUTIES OF STREET AND STEAM RAILWAY COMPANIES WHERE THEY CROSS AT GRADE.

[Circuit Court of Hamilton County.]

CLARA KOPP v. THE BALTIMORE & OHIO SOUTHWESTERN RAILROAD CO.

Decided, December 16, 1903.

*Crossings—Of Steam and Street Railways—Proper Precautions—By Both Companies—Where the Tracks are at Grade—Section 3443-6.*

The provision in Section 3443-6, that before a street car shall cross over a railroad track at grade, some employe of the company shall go ahead and ascertain whether the way is clear, does not relieve the steam railroad of the duty of so operating its gates as to

indicate whether or not the way is clear to those in charge of the street car.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

Counsel for defendant in error assumes that Section 3443-6, Revised Statutes, providing that before a street car shall cross over a railroad track at grade, some employe of the company shall go ahead and ascertain if the way is clear, relieves the steam railroad company of the duty of so operating its gates as to indicate to the person operating the street car whether the track is clear. There is nothing in the statute that warrants such conclusion, and, having been enacted for the protection of the passengers, there can arise no implication that the Legislature intended to expose them to danger by releasing the railroad company from the duty of exercising ordinary care. On the contrary it was evidently intended to furnish an additional safeguard to the passengers who have no control over the management of the street car.

At the very time that it became the duty of the railroad company to lower its gates to indicate the approach of a train, it was also the duty of the street railway company by its employe to go ahead and see if the way was clear. The failure of each of the companies to perform such duty, concurred one with the other in causing the accident. There was no appreciable difference in the time when the failure to perform the duty by the respective companies occurred. The two ran together, and were the direct cause of the collision.

In the case of *The Street Railway Co.* v. *Murray et al,* both the street railway company and the steam railroad company were held liable upon a state of facts similar to that in the case before us, except in that case the railroad company was operating its train of cars in a negligent manner.

It may be said of that case that notwithstanding the gates were up, and notwithstanding the employe of the street railway company failed to go ahead to see if the way was clear, still the collision would probably not have occurred had the employes of the railroad company operating the train given some signal of the approaching train, and that the failure to do so was the direct cause of the accident, and therefore the street railway company was not liable. But the court evidently considered the three causes,

although distinct and independent, as concurring to cause the collision.

We think, therefore, that the common pleas court erred in arresting the case from the jury, and the judgment will be reversed.

*Theodore Horstman,* for plaintiff in error.

*A. W. Goldsmith,* contra.